## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| KATHY SHERRER,<br><br>Plaintiff,<br><br>v.<br><br>JASON PIETRYGA, KELLY PALUSO, and JAYNIE PALMER,<br><br>Defendants. | REPORT & RECOMMENDATION<br><br>Case No. 2:18-cv-00663<br><br>United States District Court Judge Clark Waddoups<br><br>Magistrate Judge Dustin B. Pead |

This matter was referred to Magistrate Judge Dustin Pead pursuant to 28 U.S.C. §636(b)(1)(B) referral from the District Court. (ECF No. 6.) On August 29, 2018, the court granted pro se Plaintiff Kathy Sherrer ("Plaintiff" or "Sherrer") leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (the "IFP Statute"). (ECF No. 2.) On September 18, 2018, the court issued an Order denying motions for service of process and appointment of counsel and requiring Plaintiff to file an amended complaint addressing deficiencies in her original pleading, as identified by the court. (ECF No. 7 at 3.)

On October 9, 2018, Sherrer filed her Amended Complaint. (ECF No. 9.) The court reviews Plaintiff's amended pleading under the authority of the IFP Statute. *See* 28 U.S.C. § 1915.

### Standard of Review

The following standards are relevant to the court's review of Plaintiff's amended complaint under the IFP Statute. *Id.*

1

Whenever the court authorizes a party to proceed without the payment of fees, the court must "dismiss the case at any time if the court determines that . . . the action or appeal is frivolous or malicious; [or] fails to state a claim or which relief may be granted." 28 U.S.C. § 1915 (e)(2)(B)(i-iii). In reviewing the sufficiency of a complaint, the court presumes all factual allegations as true and "construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). Because she proceeds pro se, the court construes Sherrer's pleadings "liberally" and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Id.* at 1110. Nonetheless, a broad reading of her complaint does not relieve Plaintiff of the burden to allege "sufficient facts on which a recognized legal claim could be based." *Id.*

## Discussion

<u>Plaintiff's Amended Complaint Fails To Comply With Federal Rule Of Civil Procedure 8</u>.

As explained by the Tenth Circuit, compliance with Rule 8 requires a pleading "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007); Fed. R. Civ. P. 8(a)(2) (pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief."). The purpose of the rule is to provide opposing parties with fair notice of the claims and allow the court to determine whether plaintiff is entitled to relief. *See Monument Builders of Greater Kan. City Inc. v. Am. Cemetery Assn of Kan.,* 891 F.2d 1473, 1480 (10th Cir. 1989) (citing *Perrington Wholesale, Inc. v. Burger King Corp.,* 631 F.2d 1369, 1371 (10th Cir. 1979)).

Sherrer's amended complaint is difficult to summarize. (ECF No. 9.) While sufficiently similar to Plaintiff's original pleading (ECF No. 3), it includes a hand-written paragraph attached to the standardized civil rights complaint form. (ECF No. 9 at 9.) The body of the document itself consists largely of sentence fragments, untethered to any specific individual or allegation. (*See generally Id.*, emphasis added) ("<u>They</u> stole my son with <u>them</u> saying that <u>they</u> would return all kids."); ("<u>These guys</u> have stated that since I was in front of [J]udge [L]und the second time I would lose all kids."); ("<u>They</u> have no grounds in taking my son."); ("<u>They</u> have never been able to prove anything."). Piecing together phrases, it appears Sherrer's parental rights were terminated and that she no longer has custody of her son. (*See generally Id.*) Plaintiff names Jason A. Pietryga ("Pietryga"), Kelly Paluso ("Paluso") and Jaynie Palmer ("Palmer") as Defendants. (*Id.*, at 4.) Yet, other than identifying Pietryga as an attorney and alluding to Paluso and Palmer as "case-workers," it is unclear how these Defendants are connected to Sherrer or how they were involved in her claims for "Violat[ion of] Court Orders" and "Abduction". (*Id.*, at 4-5.) As noted above, under Rule 8 a complaint must contain a "short and plaint statement of the claim" and connect each Defendant to a violation. Fed. R. Civ. P. 8(a)(2). Plaintiff's amended complaint does not satisfy these requirements, and accordingly the court recommends dismissal on this basis alone.

<u>Plaintiff Fails To State Cognizable Claims For Violation Of Her Civil Rights</u>.

Notwithstanding the above-mentioned violations of Rule 8, the court also recommends dismissal of Sherrer's amended complaint for failure to state a claim upon

which relief may be granted under 42 U.S.C. §§ 1983 or 1985.[1] *See* 28 U.S.C. § 1915 (e)(2)(B)(ii).

To assert a claim under Section 1983, Plaintiff must set forth both: (1) "the existence of a federally-protected right" and (2) "the deprivation of that right by a person acting under color of state law." *Wittner v. Banner Health,* 720 F.3d 770, 773 (10th Cir. 2013). Plaintiff alleges neither. First, Sherrer does not identify any state actor. Further, in order to attribute a private citizen's conduct to the state, a "complaint must show that the private party is 'a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.'" *Walton v. U.S. Bank*, No. 2:09-cv-931, 2010 WL 3928507, at *2 (D. Utah Oct. 4, 2018) (quoting *Lugar v. Edmonson Oil Co.,* 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982)). Other than identifying Pietryga as an attorney and Paluso and Palmer as caseworkers, there are no allegations of state action by these individuals.[2] *See Dennis v. Sparks,* 449 U.S. 24, 27, 66 L. Ed. 2d 185, 101 S. Ct. 183 (1980) (private citizen liable under § 1983 only if they were a "willful participant in joint action with the State or its agents.").

Second, the amended complaint fails to identify what federally protected right was violated or link said violation to Defendants. *See Bennett v. Passic*, 545 F.2d 1260, 1262-62 (10th Cir. 1976) (personal participation of each named defendant is essential

---

[1] Although her amended complaint does not identify the civil rights provision relied upon, the standardized complaint form utilized by Sherrer titles her amended pleading as a "Civil Rights Complaint (42 U.S.C. § 1983, § 1985.)". (ECF No. 9.)

[2] The Amended Complaint mentions "[J]udge [L]und, but such individual is not named as a Defendant in the action. (ECF No. 9 at 4.)

allegation in civil-rights action.). Sherrer grieves the termination of her parental rights, but grievance alone "without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

In turn, Sherrer does not identify the subsection under which she brings a § 1985 claim. 42 U.S.C. § 1985. Section 1985 generally prohibits a conspiracy to interfere with civil rights. *Id.* As most likely relevant here, a § 1983(3) claim requires: "(1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson,* 6 F.3d 683, 686 (10th Cir. 1993) (citing *Griffin v. Breckenridge,* 403 U.S. 88, 102-03, 29 L. Ed. 338, 91 S. Ct. 1790 (1971)). To show conspiratorial agreement, plaintiff must demonstrate "a single plan, the essential nature and general scope of which was know[n] to each person who is to be held responsible for its consequences." *Snell v. Tunnell,* 920 F.2d 673, 701 (10th Cir. 1990) (quoting *Hampton v. Hanrahan,* 600 F.2d 600, 621 (7th Cir. 1979)).

After considering the amended complaint, the court concludes that Plaintiff fails to state a claim. The pleading does not set forth allegations that, even liberally construed, support the elements of a claim under 42 U.S.C. §§ 1983 or 1985. Accordingly, the court recommends dismissal. *See* 28 U.S.C. §1915 (e)(2)(B)(ii); *see also* Fed. R. Civ. P. 8. In general, dismissal for failure to state a claim "is proper only where it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to give [her] an opportunity to amend." *Kay v. Bemis,* 500 F.3d 1214, 1217-18 (10th Cir. 2007). Here, the court identified deficiencies in Plaintiff's original

pleading and allowed her an opportunity to amend. (ECF No. 7.) Sherrer's amended pleading, however, does not cure the deficiencies identified and, under the facts and circumstances presented, allowing another opportunity to amend would be futile and a misapplication of judicial resources.

### Recommendation

Based on a review of Plaintiff's Amended Complaint, the court **RECOMMENDS that** the District Court **DISMISS** this case for failure to state a claim under 28 U.S.C. §1915 (e)(2)(B)(ii).

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

DATED: December 14th, 2018.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge